**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

v.

**DAVID SCHEIDLER and Ronald Scheidler.**

**No. CIV.A. 99–CV–3832.**

United States District Court, E.D. Pennsylvania.

Dec. 3, 1999.

---

Teresa Ficken Sachs, Britt, Hankins, Schaible & Moughan, Philadelphia, PA, for State Farm.

Nicholas J. Renzi, Stampone and D'Angelo, Jenkintown, PA, for David Scheidler, Ronald Scheidler.

## MEMORANDUM

LUDWIG, District Judge.

In this declaratory judgment action, plaintiff State Farm Mutual Automobile Insurance Company moves for summary judgment on the enforceability of the household exclusion clause in an automobile insurance policy issued to defendant David Scheidler's father.  Fed.R.Civ.P. 56.[1] The underlying claim is for uninsured motorist benefits.  Jurisdiction is diversity.  28 U.S.C. § 1332.

### Facts Based on Stipulation and Admissions [2]

1. On May 4, 1997, a motor vehicle owned and operated by David Scheidler was involved in a collision with an uninsured motorist.

2. David Scheidler sustained injuries as a result of that accident.

3. The uninsured motorist was at fault for the accident.

4. The vehicle operated by David Scheidler on the date of the accident was a 1994 Plymouth Sundance owned by David Scheidler and insured under a policy of automobile insurance issued by State Farm Mutual Automobile Insurance Company, policy number 8378–468–38.

5. On the day of the accident, David Scheidler resided in the household of this father, Ronald Scheidler.

6. Ronald Scheidler was the named insured on another State Farm policy of insurance covering a 1984 Ford LTD, policy number 8085–474–38.

7. Ronald Scheidler's policy contained a "household exclusion" clause that states:

There is no coverage for bodily injury to an insured under coverage U3:

1. While occupying a motor vehicle owned by you, your spouse, or any other relative, if it is not insured for this coverage under this policy;  ...

8. At the time of his accident, David Scheidler was a resident relative of Ronald Scheidler, and was occupying a vehicle which that he owned and that was not insured for uninsured motorist coverage under Ronald Scheidler's policy.

---

1. "[S]ummary judgment should be granted if, after drawing all reasonable inferences from the underlying facts in the light most favorable to the non-moving party, the court concludes that there is no genuine issue of material fact to be resolved at trial and the moving party is entitled to judgment as a matter of law." *Kornegay v. Cottingham*, 120 F.3d 392, 395 (3d Cir.1997).  "The interpretation of a contract of insurance is a matter of law for the courts to decide." *Paylor v. Hartford Ins. Co.*, 536 Pa. 583, 586, 640 A.2d 1234, 1235 (1994)

2. The parties, through counsel, stipulated to facts 1–6 & 10–11, and facts 7–9 were admitted in defendant's response. *See* Defendant's Response to Motion for Summary Judgment.

9. The household exclusion is clear and unambiguous.

10. Both David Scheidler and Ronald Scheidler received reduced premiums in exchange for waiving stacked uninsured motorist coverage.

11. The full uninsured motorist limits of $15,000 available under David Scheidler's policy have already been paid to him.

### Discussion

*Troebs v. Nationwide Insurance,* 98–3556, 1999 WL 79555 (E.D.Pa. Jan. 20, 1999), expresses my views on facts and a household exclusion virtually identical to the present case. The decision upheld the exclusion, rejecting the argument that such exclusions are unenforceable as against public policy. In making the same argument here, defendants cite *State Farm v. Craley,* No. 97–9019, 1998 WL 1077234, C.P. Berks (Dec. 28, 1998). For reasons set forth in *Troebs, Craley* appears to be at variance with the pertinent jurisprudence of the Pennsylvania Supreme Court.

### ORDER

AND NOW, this 3rd day of December, 1999, the motion for summary judgment of plaintiff State Farm Mutual Automobile Insurance Company is granted, and this case is dismissed.

A memorandum accompanies this order.

The Rule 16 conference scheduled for December 7, 1999 is canceled.