**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

v.

**NABIT, et. al.**

**State Farm Mutual Automobile Insurance Company**

v.

**Carter**

Nos. 01–CV–6072, 02–CV–8739.

United States District Court, E.D. Pennsylvania.

Sept. 30, 2003.

Teresa Ficken Sachs, Britt Hankins Schaible & Moughan, Philadelphia, PA, for Plaintiff.

Jonathan J. Sobel, Galerman Tabakin LLP, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

In these actions, State Farm Mutual Automobile Insurance Company ("State Farm") has moved for summary judgment against David and Robin Nabit, husband and wife, and Michael Carter, respectively. The Nabits and Mr. Carter have both filed cross-motions for summary judgment. Fed.R.Civ.P. 56.[1] I have consolidated these cases because, despite the insureds' attempts to distinguish them from settled case law, they raise the same question: whether other household vehicle exclusions violate Pennsylvania public policy. I find that they do not, and therefore grant both of State Farm's motions for summary judgment.

Jurisdiction is diversity.

*Facts of State Farm v. Nabit*

1. On November 8, 1998, while driving an automobile owned by him, David Nabit was involved in a collision with an uninsured motorist.

2. Mr. Nabit held uninsured motorist coverage on this car from State Farm, and he collected for the accident under this policy.

3. At the time of the accident, Mr. Nabit's wife, Robin Nabit, owned a separate policy for her vehicle also from State Farm. On this policy, Mrs. Nabit selected a household vehicle exclusion called U3 coverage. The language of the U3 exclusion reads:

"There is no coverage for bodily injury to an insured under coverage U3 while occupying a motor vehicle owned by you, your spouse or any relative if it is not

---

1. "Summary judgment should be granted if, after drawing all reasonable inferences from the underlying facts in the light most favorable to the non-moving party, the court concludes that there is no genuine issue of mate- rial fact to be resolved at trial and the moving party is entitled to judgment as a matter of law." *Kornegay v. Cottingham,* 120 F.3d 392, 395 (3d Cir.1997).

insured for this coverage under this policy."

Selecting U3 coverage saved Mrs. Nabit money on her premium payments. The car Mr. Nabit was driving when the collision occurred was not insured under Mrs. Nabit's policy.

4. The Nabits attempted to recover for the accident under Mrs. Nabit's policy. State Farm refused any recovery under Mrs. Nabit's policy, citing the language of the U3 coverage that Mr. Nabit is ineligible for such recovery because he was injured while occupying a vehicle he owned and which was not insured under Mrs. Nabit's policy.

*Facts of Carter v. State Farm*

1. On August 18, 2001, Michael Carter was injured in a collision while operating a motorcycle that he owned.

2. Mr. Carter had an insurance policy from State Farm for his motorcycle, under which he recovered for the accident.

3. Mr. Carter also owned an automobile for which he purchased a separate policy providing U3 coverage, a policy with the same U3 coverage language as that in Robin Nabit's policy.

4. Mr. Carter sought recovery under his automobile's policy for the motorcycle collision. State Farm refused any recovery under this policy because it contained U3 coverage that applied to Mr. Carter's situation: he was ineligible because he was injured while occupying another vehicle owned by him that was not insured for coverage under the automobile's policy.

*The Household Exclusion Clauses*

■ The Nabits and Mr. Carter argue that refusing recovery under these policies because of the U3 exclusions violates Pennsylvania public policy and the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL").

It is well settled that household exclusions, such as State Farm's U3 coverage which is under review here, are wholly compatible with public policy and, specifically, with the MVFRL. *Prudential Prop. & Cas. Ins. Co. v. Colbert,* 572 Pa. 82, 813 A.2d 747 (2002) (holding that an other household vehicle exclusion is consistent with the underlying policy of the MVFRL); *Eichelman v. Nationwide Ins. Co.,* 551 Pa. 558, 711 A.2d 1006 (1998) (concluding that giving effect to household exclusions furthers the goals of the MVFRL); *Windrim v. Nationwide Ins. Co.,* 537 Pa. 129, 641 A.2d 1154 (1994) (reversing the Superior Court's determination that a household exclusion violates public policy, and holding that it does not); *Nationwide Mut. Ins. Co. v. Harris,* 826 A.2d 880 (2003) (granting summary judgment to the insurance company on the grounds that household exclusions do not violate public policy); *Old Guard Ins. Co. v. Houck,* 801 A.2d 559 (2002); *Stelea v. Nationwide Mut. Ins. Co.,* 2003 PA Super. 294, 830 A.2d 1028; *State Farm v. Scheidler,* 78 F.Supp.2d 374 (E.D.Pa.1999) (granting State Farm's motion for summary judgment in a challenge to a household exclusion clause).

Any distinctions that the Nabits or Mr. Carter raise in an attempt to advance their arguments and distinguish their claims from the clearly settled law cited above lack merit. Pennsylvania law holds these exclusions to support the public policies of reduced insurance premiums and providing insurance consumers with the benefits for which they pay. Time and again, the courts have pointed out that the logical extension of arguments made by consumers like the Nabits and Mr. Carter would be to force insurance companies to pay for accidents involving automobiles they never knew about or anticipated covering. *Burstein,* 809 A.2d at 208, *Stelea,* 2003 Pa.Super. at *P8. Such a result would be unfair to the insurance companies, would unjustly enrich the consumers who would be recovering under policies for which they did not

pay, and would eventually result in higher premiums for all insurance consumers.

*The Insureds' Additional Arguments*

■ In addition to their claims that denying them benefits because of the U3 exclusion violates public policy, the Nabits and Mr. Carter argue that the household exclusion is vague and ambiguous. This argument is also without merit. The language of the exclusion is: "There is no coverage for bodily injury to an insured under Coverage U3 ... while occupying a motor vehicle owned by or leased to you, your spouse or any relative if it is not insured for this coverage under this policy." The insureds claim to find the language of the exclusion ambiguous because the term 'coverage' is used.[2] However, there can be no reasonable doubt about the plain meaning of this language. Furthermore, nearly identical language has been found "clear and unambiguous" in cases about this precise issue. *See, e.g., Old Guard Ins. Co.*, 801 A.2d at 568; *Eichelman*, 711 A.2d at 1008.

Both the Nabits and Mr. Carter argue that their claims can be distinguished from the well settled body of case law on this issue because the relevant policies (those under which they recovered and those containing the U3 exclusions) were issued by the same insurance company. On the contrary, this situation is not novel, *see State Farm*, 78 F.Supp.2d at 375, nor does it appear to be a relevant distinction.

Finally, the Nabits claim that State Farm's denial of additional recovery failed to meet their reasonable expectations of what the policy would cover. Yet the fact remains that Robin Nabit selected coverage which explicitly and unambiguously excludes her husband from coverage if he

is in an accident while driving his own vehicle. There is no reason why this plain language should be disregarded in favor of whatever expectations the Nabits may have had.

### ORDER

**AND NOW**, this 30th day of September 2003, it is **ORDERED** that:

(1) In the matter of *State Farm vs. Nabit, et al*, 01–CV–6072, State Farm's motion for summary judgment (Docket Entry # 10) is **GRANTED**. The Nabits' motion for summary judgment (Docket Entry # 11) is **DENIED**.

(2) In the matter of *State Farm vs. Carter*, 02–CV–8739, State Farm's motion for summary judgment (Docket Entry # 7) is **GRANTED**. Mr. Carter's motion for summary judgment (Docket Entry # 10) is **DENIED**.

---

**2.** Specifically, the Navits argue that "[c]overage is used in the first paragraph (of the U3 coverage) two times which could confuse the insured about coverage is being referred to" and that the term "this coverage" is "un-

clear" within the description of U3 coverage. Mr. Carter argues that the coverage is ambiguous because the policy he purchased for his motorcycle did not contain a household vehicle exclusion.